UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-151-RJC

| LORENZO GRAHAM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMIE HESS, | ) | |
| JOHN FLEMMING | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

I.  BACKGROUND

According to the website of the North Carolina Department of Public Safety, Plaintiff is presently incarcerated in Central Prison following his conviction on March 3, 1993, for the crime of robbery with a dangerous weapon (principal). Plaintiff's projected release date is December 8, 2016.

In his pro se complaint, Plaintiff alleges that in April 2012 he was transported from prison to the Catawba Valley Medical Center after he swallowed batteries and ink pens. Plaintiff states that he refused medical treatment and would not consent to an x-ray and consequently he was placed in four-point restraints. Plaintiff struggled with the defendant officers, Hess and Flemming, and Plaintiff was later maced and forced to lie in his restraints. Plaintiff contends that he lay in the restraints for six or seven hours and eventually soiled his clothes because he was not allowed to go to the bathroom. The officers explained to Plaintiff that he had to remain in the restraints because he was kicking, biting and spitting, but Plaintiff denies this.

3

In his claim for relief, Plaintiff appears to seek only injunctive relief to have the officers removed from their positions and to have his case heard in court.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must conform to the provisions of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").[1]

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

---

[1] See Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing the Three-Step Administrative Remedy Procedure which controls the filing of grievances in the prisons which are under the control of the North Carolina Department of Public Safety. See also N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A) ("Corrections Administrative Remedy Procedure").

In his complaint, Plaintiff declares that he has fully exhausted his available state remedies within the state's administrative remedy procedure. However, Plaintiff simply states that his grievance was ultimately denied although he attaches no copies of the grievance rulings or indicates on what date his grievance was finally denied. In addition, the Clerk served Plaintiff with a request for proof that Plaintiff had completed the administrative remedy procedure, citing 42 U.S.C. § 1997e, by either providing a sworn statement that he completed the required remedy procedure or copies of the grievances and responses thereto. (Doc. No. 3). However, despite the passage of more than one year, Plaintiff has failed to even attempt to comply with the Clerk's Order. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice for failure to exhaust.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust his state administrative remedies. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 25, 2014

Robert J. Conrad, Jr.
United States District Judge

Signed: April 25, 2014

Robert J. Conrad, Jr.
United States District Judge